# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANOUCHEHR RIAZATI,<br><br>Plaintiff,<br><br>v.<br><br>PUBLIC STORAGE INC.; PSCC INC.; BRIAN BERG,<br><br>Defendants. | Case No.: 18cv183-MMA (KSC)<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS;**<br><br>[Doc. No. 3]<br><br>**DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2)(B);**<br><br>[Doc. No. 1]<br><br>**AND DENYING AS MOOT MOTION TO APPOINT COUNSEL**<br><br>[Doc. No. 2] |

Plaintiff Manouchehr Riazati ("Plaintiff"), proceeding *pro se*, has filed the instant action against Defendants Public Storage Inc., PSCC Inc., and Brian Berg (collectively, "Defendants"). *See* Doc. No. 1. Plaintiff simultaneously filed motions to proceed *in forma pauperis* ("IFP") and for appointment of counsel. *See* Doc. Nos. 3, 2.

## MOTION FOR LEAVE TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if she is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). "To proceed in

forma pauperis is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965).

A party need not be completely destitute to proceed *in forma pauperis*. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). But "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984).

Here, Plaintiff submits an affidavit which indicates that he has not received any income from employment during the past twelve months. *See* Doc. No. 3 at 1. Plaintiff reports that he receives $337.00 per month in public-assistance funds. *See id.* at 2. Plaintiff indicates that he owns no real property or other assets, but claims that his monthly expenses total $334.00. *See id.* at 4-5. The Court finds that the IFP application sufficiently indicates that Plaintiff cannot afford to pay the filing fee. Accordingly, the Court **GRANTS** Plaintiff's motion for leave to proceed IFP.

<u>SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)</u>

1. **Legal Standards**

    a. <u>28 U.S.C. § 1915(e)(2)(B)</u>

When a plaintiff proceeds IFP, the complaint is subject to mandatory screening and the Court must order the *sua sponte* dismissal of any case it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). In addition, the Court has a duty to liberally construe a *pro se* plaintiff's pleadings. *See id*.

In giving liberal interpretation to a *pro se* complaint, however, the court may not "supply essential elements of claims that were not initially pled." *See Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Under the "notice pleading" standard of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and plain statement" of the plaintiff's claims showing entitlement to relief. Fed. R. Civ. P. 8(a)(2); *see also Paulsen v. CNF, Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009). A complaint should be dismissed for failure to state a claim if, taking all well-pleaded factual allegations as true, it does not contain "enough facts to state a claim to relief that is plausible on its face." *See Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1034 (9th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 812 (9th Cir. 2010) (citation omitted).

The Court is not only allowed to, but is required to screen IFP complaints. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000); *Ogunniyi v. Sw. Reg'l Maint. Ctr.*, No. 14CV2904 BEN (NLS), 2015 WL 10857499, at *1 (S.D. Cal. Apr. 30, 2015) ("The *sua sponte* screening is mandatory."). "A trial court may dismiss a claim *sua sponte* under Fed. R. Civ. P. 12(b)(6). . . . Such dismissal may be made without notice where the claimant cannot possibly win relief." *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987); *see Wong v. Bell*, 642 F.2d 359, 36162 (9th Cir. 1981).

### b. Subject Matter Jurisdiction

It is well-established that a federal court cannot reach the merits of any dispute until it confirms its own subject matter jurisdiction. *Steel Co. v. Citizens for a Better Environ.*, 523 U.S. 83, 94 (1998). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Id.* Accordingly, federal courts are under a continuing duty to confirm their jurisdictional

power and are "obliged to inquire *sua sponte* whenever a doubt arises as to [its] existence. . . ." *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977) (citations omitted).

Federal courts are of limited jurisdiction. *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 997 (9th Cir. 2007). Federal courts possess only that power authorized by the Constitution or a statute: cases involving diversity of citizenship, a federal question, or a case to which the United States is a party. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). "Federal courts are presumptively without jurisdiction over civil actions and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Navarro v. UCSD School of Medicine*, 2012 WL 4848977, at *1 (S.D. Cal. Oct. 11, 2012) (citing *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)).

### 2. Plaintiff's Allegations

Plaintiff generally alleges that Defendants illegally entered his storage unit and sold his property without his consent. *See* Doc. No. 1 at 4. Additionally, Defendants "prohibit[ed] [Plaintiff] from eating or drinking or taking [his] medication" while working in his storage unit. *See id.* Defendants then "ceased [sic] my property, and prevented me from accessing my medication which was stored at their facility, and finally they sold my I90 and other immigration papers which are property of [the] federal government." *Id.* The items in Plaintiff's storage unit are worth "over $10 million in value to [Plaintiff]." *Id.* Plaintiff also alleges Defendants violated the "Federal disability Act by not providing [him] with accommodation saw [sic] in that Act, but barring me to eat or take medication and water while I work on my storage in their facility and prohibiting me from resting in my private car while on their premise[.]" *Id.* at 12.

### 3. Analysis

  a. <u>Diversity Jurisdiction</u>

Plaintiff indicates that the Court has jurisdiction over this action on the basis of diversity jurisdiction. *See* Doc. No. 1 at 3. The Court, however, finds that Plaintiff fails

to meet his burden of establishing that diversity jurisdiction exists. Pursuant to Title 28 of the United States Code, section 1332(a)(1), a federal district court has jurisdiction over "all actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the dispute is between citizens of different states or citizens of a state and citizens or subjects of a foreign state. 28 U.S.C. § 1332(a)(1)-(2). The Supreme Court has interpreted § 1332 to require "complete diversity of citizenship," meaning each plaintiff must be diverse from each defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67-68 (1996).

Here, the Court is unable to determine whether the parties are diverse for purposes of diversity jurisdiction. Plaintiff asserts that he is a citizen of Iran, while Plaintiff alleges that Brian Berg and Public Storage Inc. are citizens of California. *See* Doc. No. 1 at 3-4. In his motion to proceed IFP, however, Plaintiff states "San Diego, California, USA" is the city and state of his legal residence. Doc. No. 3 at 5. Additionally, Plaintiff alleges that Defendants sold his "immigration documents." Doc. No. 1 at 11. Given these discrepancies, the Court is unable to determine whether Plaintiff has been lawfully admitted for permanent residence in the United States. *See* 28 U.S.C. § 1332(a)(2) (noting that district courts "shall not have original jurisdiction under [§ 1332(a)(2)] of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State[.]"). Moreover, Plaintiff fails to address the citizenship of defendant PSCC Inc. altogether.

Further, the Court is not persuaded that Plaintiff's Complaint satisfies the amount in controversy requirement. Plaintiff indicates that the amount in controversy exceeds $75,000 because the items in his storage unit "are over $10 million to me." Doc. No. 1 at 4. Additionally, Plaintiff alleges that Defendants "contributed to stress which led to my hospitalization with medical bill[s]" totaling "over $250,000[.]" *Id.* at 5. Plaintiff's allegations, however, do not include any facts from which the Court may draw a plausible inference that the total amount of damages exceeds $75,000. Accordingly, the Court

finds that Plaintiff has not met his burden of establishing that the Court has diversity jurisdiction over this action. *See Kokkonen*, 511 U.S. at 377 (noting that courts must presume a lack of jurisdiction until the plaintiff sufficiently pleads otherwise). As such, the Court proceeds to determine whether the Court has federal question jurisdiction over this action.

### b. Federal Question Jurisdiction

On page 12 of his Complaint, Plaintiff summarily asserts that Defendants violated the "Federal disability Act by not providing me with accommodation saw [sic] in that Act, but barring me to eat or take medication and water while I work on my storage in their facility and prohibiting me from resting in my private car while on their premise. . ." Doc. No. 1 at 12.

Here, in construing Plaintiff's allegations liberally, the Court presumes Plaintiff seeks to assert a cause of action under the Americans with Disabilities Act ("ADA"). Congress enacted the ADA "to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(2). As such, assuming Plaintiff has sufficiently demonstrated that the Court has jurisdiction on the basis of federal question, the Court proceeds to *sua sponte* screen Plaintiff's ADA claim pursuant to 28 U.S.C. § 1915.

### c. 28 U.S.C. § 1915(e)(2)(B) Screening

Upon review of Plaintiff's allegations in support of his "Federal disability Act" claim, the Court finds that Plaintiff fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B) (noting that when a plaintiff proceeds IFP, the complaint is subject to mandatory screening and the Court must order the *sua sponte* dismissal of any case it finds fails to state a claim for relief).

Title III[1] of the ADA "prohibits discrimination on the basis of disability in the

---

[1] "The ADA contains five titles: Employment (Title I), Public Services (Title II), Public Accommodations and Services Operated by Private Entities (Title III), Telecommunications (Title IV),

'full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation' with a nexus in interstate commerce." *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 904 (9th Cir. 2011) (quoting 42 U.S.C. §§ 2000a(b), 12182(a)). "[A]ny person who owns, leases (or leases to), or operates a place of public accommodation" is liable for discriminating against an individual on the basis of disability. 42 U.S.C. § 12182(a).

Here, Plaintiff does not allege any facts indicating the nature of Plaintiff's disability. Additionally, it is unclear how Defendants discriminated against Plaintiff on the basis of such disability. Further, Plaintiff does not explain how Defendants' conduct, in allegedly preventing Plaintiff from eating or taking medication while in the storage unit, violates the ADA. In construing these allegations in the light most favorable to Plaintiff, the Court finds that Plaintiff fails to state a cognizable claim under the ADA. *See Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 812 (9th Cir. 2010) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") (citation omitted). Therefore, the Court **DISMISSES** Plaintiff's ADA claim **without prejudice**.

    d. Supplemental Jurisdiction

Plaintiff's remaining claims appear to arise under California state law. Pursuant to 28 U.S.C. § 1367(a), district courts have supplemental jurisdiction over "all claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, "retention of supplemental jurisdiction over state law claims . . . is discretionary." *Acri v. Varian Assoc., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997).

---

and Miscellaneous Provisions (Title V)." *Hopkins v. Army*, 2015 WL 4574803, at *2 n.6 (N.D. Cal. July 29, 2015). Upon review of Plaintiff's allegations, it does not appear that Titles I, II, IV or V apply to the case at bar. As such, the Court only analyzes a claim under Title III of the ADA.

The district court may decline to exercise supplemental jurisdiction over a claim under [§ 1367(a)] if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). When all federal claims are dismissed before trial, a district court must weigh the following factors before declining or choosing to exercise pendent jurisdiction: judicial economy, comity, convenience, and fairness. *See Bryant v. Adventist Health System/W.*, 289 F.3d 1162, 1169 (9th Cir. 2002) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).

Here, in weighing the relevant factors, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. It appears that Plaintiff's remaining claims are state tort claims governed by California law. "Thus, there is no federal interest served by proceeding with the state law causes of action in federal court, and the interest of comity would be served by permitting the state court to decide issues relating to the remaining state law claims and defenses." *Hill v. Peterson*, 2017 WL 35574, at *4 (S.D. Cal. Jan. 4, 2017). Regarding convenience and fairness, the Court finds that neither factor weighs against declining to exercise supplemental jurisdiction "as the case is in its infancy, and no answer has yet been filed." *Id.*

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Plaintiff's motion to proceed IFP. The Court **DISMISSES** Plaintiff's ADA claim **without prejudice** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B), and **DECLINES** to exercise supplemental jurisdiction over the remaining state law claims. As such, the Court **DENIES AS MOOT** Plaintiff's motion to appoint counsel.

**IT IS SO ORDERED.**

Dated: February 5, 2018

HON. MICHAEL M. ANELLO
United States District Judge